NICOLÁS ORTIZ, father of DAVID ORTIZ, Plaintiff and Appellant, *v.* LUIS TORO-CABAÑAS, Defendant and Appellee.

No. 3693. Argued November 25, 1925.—Decided April 30, 1926.

*Juan B. Soto* for the appellant. *F. B. Fornaris* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Nicolás Ortiz, father with *patria potestas* of David Ortiz, sued Luis Toro Cabañas for ten thousand dollars as damages alleged to have been caused the minor as follows:

"II.—That on November 25, 1922, the said minor was near the sidewalk in front of a building situated on the road from San Juan to Río Piedras between kilometers 11 and 12 of the said road.

"III.—That while the said minor was near the said sidewalk the defendant was driving an automobile at a high rate of speed on said

road from north to south, or from the City of San Juan to Río Piedras.

"IV.—That while the defendant was driving the said automobile in that direction and while the said minor was near the said sidewalk the defendant, negligently, that is, without using the necessary care for observing the presence of the said minor and to prevent the said automobile from striking the said minor, ran the said automobile against the said minor from which he suffered the fracture of one leg, serious bruises on his head, rendering him unconscious, and other severe bruises which have greatly affected his health and ability to perform the school work required of a child of his age and necessary for the purposes of his preparation to obtain the means of supplying himself with the necessaries of life and to fulfill his duties upon reaching majority."

The defendant answered with a general denial and alleged the following as a special defense:

"That on the day, hour and place of the accident as alleged in the complaint, if the minor plaintiff suffered any injury as a result of the accident with the defendant's automobile, it was due exclusively to the minor's failure to exercise care and his unpremeditated temerity in imprudently crossing the road at a place where traffic is heavy, and, without noticing the proximity of the automobile of the defendant, insisted in crossing said highway, in spite of the fact that the defendant gave the necessary warning by blowing his klaxon, and that he was running at a moderate rate of speed; and the defendant further alleges that the accident referred to is in no way chargeable to said defendant, inasmuch as he did then and there observe and make use of all the means at his command to prevent the accident."

After trial the court dismissed the complaint with costs, stating in its opinion that "the evidence adduced by the plaintiff in no way supports the alleged negligence of the defendant, nor does it show that the accident to which the complaint refers had as a proximate or remote cause a negligent act of the defendant."

The plaintiff appealed, assigning in his brief three errors that may be reduced to error in weighing the evidence.

The plaintiff called only one eyewitness, Juan José San-

tiago. He testified that at the time of the accident the defendant's automobile was running at "somewhat high speed"; that he was working "on the same road" and saw "the car that was passing and then I saw it strike the boy"; that there was nothing to prevent the chauffeur from seeing the boy; "that the boy was on one side of the highway"; that the boy "came out of the building . . . he came by the same side of the road that I was on, he came up the street; he came out and walked up the street by where I was," and that he did not see that the boy crossed the highway.

The defendant introduced the testimony of two eyewitnesses, the defendant who was driving his automobile and Pablo Martínez. The former testified that "on the day of the accident I was on my way from San Juan to Río Piedras and when I arrived at kilometer, I do not remember the number, near the entrance to the University of Porto Rico there was a Ford in that entrance, a car full of cans on the right and many people going toward San Juan. When I was passing the car before passing the Ford I gave warning with the klaxon and at that same instant, with no opportunity on my part to notice him, a boy came out from behind the Ford and attemped to cross the road."

The other witness testified that "there was a Ford that had just turned and a car with cans at the left coming to San Juan, and there were some boys playing under some guava trees on the University side of the road, and one of them came out running and stopped where the Ford was, and the defendant was coming and struck him with the fender . . . Counsel: From where do you say the boy came out? A. From the University side, that is, from the left side of the road from here to there.—Q. Did he come out walking, running, or how?—A. Running; he had just dropped down from the branch of a tree."

Therefore, the evidence was contradictory and the court. adjusted the conflict against the plaintiff. The argument made

by the appellant's counsel in his long brief does not show the existence of passion, prejudice or manifest error.

Such being the case, the fact ultimately proved constitutes only an inevitable and unfortunate accident as a result of which no compensation may be demanded from the defendant, notwithstanding the injuries that the minor may have suffered.

Summing up the jurisprudence with respect to the acts that give rise to the successful exercise of an action in tort, Ruling Case Law enumerates them as follows:

"(1) An act which was done purposely and wilfully, without lawful excuse or justifiable occasion, and with the actual or constructive intent to produce harm; (2) the commission of a distinct legal wrong, or failure to discharge some special or absolute duty which, in itself, constituted an invasion of the rights of, or an infraction of the obligation due to, another, who was without fault; or an act done or omitted, in violation of a positive statute, which may have resulted in injury to someone, within the protection and purpose of the statute, who was, without fault, materially contributing to the injury; there being in either case no intent or expectation, on the part of the defendant, that injury would result from the act or omission; (3) an injurious act or omission not done or omitted with any intent to produce harm, nor in the invasion of any distinct or absolute legal right of another, nor in violation of any positive law or special or absolute obligation; but which, in the exercise of due diligence and skill, might have been foreseen and prevented, and the person upon whom the injury has fallen may have been one for whose safety and protection the defendant was, at the time, under some qualified or limited obligation." 26 R.C.L. pages 757–58.

The judgment appealed from must be affirmed.